**Martha NATHAN, et al., Plaintiffs,**

v.

**ATTORNEY GENERAL OF THE UNITED STATES, Defendant.**

Civ. A. No. 82–2716.

United States District Court,
District of Columbia.

May 27, 1983.

Daniel P. Sheehan, P. Lewis Pitts, Washington, D.C., for plaintiffs.

Judith F. Ledbetter, Dept. of Justice, Washington, D.C., for defendant.

## MEMORANDUM

GESELL, District Judge.

Plaintiffs seek the appointment of a Special Prosecutor pursuant to the Ethics in Government Act of 1978, 28 U.S.C. § 581 *et seq.* The background of this case is fully set forth in the Court's Memorandum denying the Attorney General's motion to dismiss, found at 557 F.Supp. 1186 (D.D.C. 1983). Plaintiffs' motion for summary judgment is now before the Court and has been fully briefed.

While the nature and extent of the information furnished by plaintiffs in support of their request to the Attorney General for appointment of a Special Prosecutor is sharply disputed and remains obscure, due in part to the oral nature of some communications, certain information supplied is clearly identifiable. The Attorney General was advised as to the disruption of the parade at Greensboro in 1979 and the attendant violence; he was advised that the Federal Bureau of Investigation and the Bureau of Alcohol, Tobacco and Firearms were in some degree of contact with some participants before the events; and the contentions of the plaintiffs as to the suspected existence of a conspiracy which should have been known to the Attorney General and the Director of the FBI were fully outlined in a pleading submitted to him. This was sufficient "specific information" within the meaning of the Act as then written to trigger a preliminary investigation. Accordingly, summary judgment to this effect must be granted plaintiffs.

The events on which plaintiffs' complaint rest occurred in 1979. Plaintiffs requested that the Attorney General appoint a Special Prosecutor in March, 1982. The Attorney General failed to conduct a preliminary investigation and advised plaintiffs in July, 1982, that the information supplied was insufficient to warrant inquiry. This suit was filed in September, 1982, and the Act was amended on January 3, 1983, by Pub.L. 97–409, 96 Stat. 2039. The motion of the Attorney General to dismiss this case was denied on February 23, 1983, and soon thereafter a long-pending grand jury investigation in North Carolina resulted in a civil rights indictment naming some participants in the 1979 violence but no government official covered by the Ethics in Government Act was indicted.

Throughout this long period the Attorney General has failed to undertake or complete the preliminary investigation contemplated by section 592(a)(1). Had this been done and the plaintiffs' claims found unsubstantiated, this action would not be before this Court. But since no investigation was initiated plaintiffs urge that section 592(c)(1) must now be fully implemented by an order requiring the Attorney General to apply for a Special Prosecutor.

This Court has discretion in fashioning appropriate relief and for the reasons set forth below has decided that more limited relief than that requested will be granted. A review of the entire record herein discloses that the claims of plaintiffs as to the involvement of the Attorney General and the Director of the FBI in a conspiracy are based merely on inferences unsupported by any concrete facts. There have, moreover, been significant developments affecting this matter since plaintiffs first complained. The Ethics in Government Act has been amended to grant the Attorney General greater discretion in deciding whether to investigate subsequent cases such as this and of major importance is the fact that there has been a detailed grand jury investigation of aspects of the matter leading to criminal charges now being prosecuted by the Attorney General against certain alleged participants. This latter development raises increasing concern that designation of a Special Prosecutor at this stage would impede the progress of the ongoing prosecution. Furthermore, a preliminary investigation at this point could be sharply focused and readily completed and Congress recognized the value of this initial step as a safeguard against undue resort to a Special Prosecutor. Finally, since the definition of "specific information" involves an issue of first impression before this Court and there is no showing that the Attorney General acted in bad faith when deciding not to

make a preliminary investigation, the Court, under all the circumstances, will direct only that the Attorney General now conduct and complete a preliminary investigation within 90 days and report his determination to the Special Division pursuant to section 592.

An appropriate Order is filed herewith.

### ORDER

Upon consideration of plaintiffs' motion for summary judgment and it appearing for reasons set forth in the Court's Memorandum filed herewith that plaintiffs have submitted specific information to the Attorney General requiring a preliminary investigation pursuant to the Ethics in Government Act (28 U.S.C. § 591 *et seq.*), the motion is granted in part and it is hereby

ORDERED that the Attorney General shall conduct a preliminary investigation pursuant to 28 U.S.C. § 592 into the conduct of any person presently covered by the Ethics in Government Act named in the information submitted by plaintiffs relating to the civil rights violations arising out of events at Greensboro, North Carolina, as indicated in said information; and it is further

ORDERED that in all other respects plaintiffs' motion for summary judgment is denied.